|   |   |
|---|---|
| 1 | Gerald Barrett, Esq.005855 |
|   | WARD, KEENAN & BARRETT, P.C. |
| 2 | 3838 North Central Street, Ste. 1720 |
|   | Phoenix, Arizona 85004 |
| 3 | Telephone Number: (602) 279-1717 |
|   | Facsimile Number: (602) 279-8908 |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| FRED COHILL and LONNIE TINDER, each in their respective capacity as trustee; PHOENIX PAINTING INDUSTRY TRUST FUND, a trust; PHOENIX PAINTERS PENSION TRUST FUND, a trust; PAINTERS AND DECORATORS JOINT APPRENTICESHIP TRUST FUND, a trust; LABOR MANAGEMENT COOPERATIVE INITIATIVE , a trust; and, INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES, LOCAL UNION NO. 86, a labor organization<br><br>        Plaintiffs,<br><br>    v.<br><br>CAMELBACK CONTRACTORS, INC., an Arizona corporation,<br><br>        _____Defendant. | Case No.<br><br><br>COMPLAINT |

For their Complaint against Defendant, Plaintiffs allege as follows:

**COUNT ONE**

1.   Plaintiffs' claim arise under and jurisdiction is conferred upon this court by Section 301 of the Labor Management relations Act, as amended (LMRA), 29 U.S.C. §185.

2.   Local Union No. 86 of the International Brotherhood of Painters and Allied

1  Trades (hereinafter referred to as Local 86) is a "labor organization", as that term is used
2  in the Labor Management Relations Act. 29 U.S.C. §152 (5). Local 86 is located in
3  Phoenix, Arizona.  It exists for the purpose of representing employees in an industry
4  affecting the interstate commerce with respect to the terms and conditions of their
5  employment.
6  3.     The Phoenix Painting Industry Trust Fund (H&W); the Phoenix Painters Pension
7  Trust Fund (Pension); the Painters and Decorators Joint Apprenticeship Trust Fund
8  (JAC); and, the Labor Management Cooperative Initiative (LMCI) (collectively referred
9  to as Trust Funds), and each of them, are labor- management trust funds established
10 under §302 ( c)  the LMRA 29 U.S.C. §186 ( c).
11 4.     The Plaintiff Trust Funds are empowered by the Employer Retirement Income
12 Security Act, as amended (ERISA) 29 U.S.C. §1001, *et. seq*., to sue and be sued as
13 entities.
14 5.     The Plaintiff Trust Funds are designated as the respective payees of certain
15 contributions required to be made by employers signatory to or otherwise bound by
16 collective bargaining agreements with Local 86.
17 6.     Venue is appropriate as all contributions due to the Plaintiff Trust Funds are
18 required to be paid to a depository located in Maricopa County, Arizona.
19 7.     All contributions received by each plan are held in trust for the exclusive use and
20 benefit of the plan's participants and beneficiaries. These benefits include retirement
21 pension and job training.
22 8.     Defendant Camelback Contractors, Inc. is an Arizona  corporation which is doing
23 or has done business in the State of Arizona in an industry affecting interstate
24 commerce, that is, the provision of construction industry painting services and supplies.
25 Defendant is an employer as that term is used in the Labor Management Relations Act.
26 29 U.S.C. §152 (4).
27 9.     Defendant, during all relevant times, was and remains signatory to or otherwise
28 bound to the collective bargaining agreement with the International Brotherhood of

1 Painters and Allied Trades Local Union No. 86.

2 10. Defendant was required by its collective bargaining agreement to file a monthly contribution reporting form with the administrator for the various Plaintiff Trust Funds, listing the names of all of its employees who performed work during the preceding month and to list the number of hours worked by each employee.

11. Defendant's collective bargaining agreement further required it to remit to the fund administrator for the various Plaintiff Trust Funds contributions based on the number of hours worked by each of its employees. In this regard, the collective bargaining agreement sets forth a contribution rate for each of the Plaintiff Trust Funds. The collective bargaining agreement requires that the Defendant pay an amount equal to the number of hours worked by its employees times the applicable contribution rate.

12. Defendant's collective bargaining agreement further required it to deduct from each of its employees' wages an amount for union dues and to remit the same to the fund administrator when paying trust fund contributions.

13. Defendant has failed and refused to honor its above described obligations as set forth in its collective bargaining agreement to the Plaintiffs for work performed through and including the last day of December 2010. Defendant filed reports, but failed and continues to refuse to pay required contributions on behalf of its employees.  During the time period ending December 2010, Defendant within six years of the date of the filing of this complaint became obligated under its collective bargaining agreement to pay the Plaintiffs the following amounts:

| | |
|---|---|
| H&W | $2,531.10 |
| Pension | $882.06 |
| JAC | $191.76 |
| LMCI | $38.36 |
| Local 86 | $470.01 |

14. The amounts stated above are based on contribution reporting forms submitted by the Defendant.  These amounts may change if an audit is conducted of Defendant's

1 books and payroll records.

2 15.    The Agreements and Declarations of Trust for each of the Plaintiff Trust Funds,
3 which are incorporated by reference into the collective bargaining agreement identified
4 above, provide that Defendant must pay liquidated damages if it fails to timely pay all
5 contributions that it owes.  Accordingly,  within six years of the date of the filing of this
6 complaint the following sums have become due and owing to the Plaintiff Trust Funds
7 as stipulated damages for the untimely submission of reporting forms and contributions
8 for the period ending December 31, 2010:

9    H&W    $3,355.29
10    Pension    $1,169.24
11    JAC    $254.10
12    LMCI    $50.77

13 16.    The Agreements and Declarations of Trust further provide that Defendant is
14 required to pay Plaintiffs' actual attorney fees and court costs in this matter.

15    WHEREFORE, Plaintiffs request that judgement be entered in their favor and
16 against Defendant for the period ending December 31, 2010 as follows:

17    A.  To the Phoenix Painting Industry Trust Funds (Health & Welfare)
18 contributions in the amount of $2,531.10  together with liquidated damages in the sum
19 of $ 3,355.29.

20    B. To the  Phoenix Painters Pension Trust Fund (Pension) contributions in the
21 amount of $882.06  together with liquidated damages in the sum of $1,169.24.

22    C. To Painters and Decorators Joint Apprenticeship Trust Fund the sum of
23 $191.76 as and for contributions and the sum of $ 254.10 as and for liquidated damages.

24    D.  To the Labor Management Cooperative Initiative the sum of $ 38.36 as and
25 for contributions and the sum of $50.77 as and for liquidated damages.

26    E.  To Local Union No. 86 the sum of $ 470.01 as and for union dues.

27    F. To Plaintiffs an amount equal to their attorney's fees incurred herein and their
28 court costs.

1  G. To Plaintiffs all other such relief as the Court deems to be just and proper.

**COUNT TWO**

17. Plaintiffs adopt by this reference and incorporate herein all matters alleged in paragraphs 3 through 11 and paragraphs 13 through 16.

18. Plaintiffs' claim arises under and jurisdiction is conferred upon this court by virtue of §502 of the Employment Retirement Income Security Act, as amended (ERISA). 29 U.S.C. §1132.

19. Plaintiffs, Fred Cohill and Lonnie Tinder, are Trustees of the Plaintiff Trust Funds and are accordingly empowered by §502 of ERISA, 29 U.S.C. §1132 to bring this matter.

20. By the acts and omissions alleged above, Defendant has violated §515 of the Employee Retirement Income Security Act, 29 U.S.C. §1145, which section requires Defendant to timely report on hours and to timely remit contributions due to the Plaintiff Trust Funds.

21. Pursuant to §502(g) of ERISA, 29 U.S.C. §1132(g), Plaintiffs are entitled to recover their cost and attorney's fees incurred herein.

WHEREFORE, Plaintiffs request that judgement be entered in their favor and against Defendant for the period ending December 31, 2010 as follows:

A. To the Phoenix Painting Industry Trust Funds (Health & Welfare) contributions in the amount of $2,531.10 together with liquidated damages in the sum of $ 3,355.29.

B. To the Phoenix Painters Pension Trust Fund (Pension) contributions in the amount of $882.06 together with liquidated damages in the sum of $1,169.24.

C. To Painters and Decorators Joint Apprenticeship Trust Fund the sum of $191.76 as and for contributions and the sum of $ 254.10 as and for liquidated damages.

D. To the Labor Management Cooperative Initiative the sum of $ 38.36 as and for contributions and the sum of $50.77 as and for liquidated damages.

E. To Plaintiffs an amount equal to their attorney's fees incurred herein and their

court costs.

F. To Plaintiffs all other such relief as the Court deems to be just and proper.

**COUNT THREE**

22. Plaintiffs adopt by this reference and incorporate herein all matters alleged in paragraphs 3 through 11, paragraphs 15 and 16 and paragraphs 18 through 21 above.

23. Defendant was obligated to file a contribution reporting form for hours worked in January 2011 no later than February 20, 2011.

24. Defendant has failed and refused to file a contribution reporting form for hours worked during the month of January 2011.

25. Absent receipt of a contribution report for hours worked in January 2011, plaintiff trustees are not able to credit Defendant's employees for hours worked. As a result some or all of these employees may immediately lose health coverage and other promised benefits

26. Defendant's breach of Section 515 of Employee Retirement Income Security Act, 29 U.S.C. §1145, is reasonably likely to continue in the future and cause further injury and irreparable damage to Plaintiffs, Defendant's employees and other plan participants and beneficiaries absent issuance of a preliminary injunction directing Defendant to:

    A) Immediately file a contribution reporting form for hours worked in and tender payment of contributions shown due thereunder;

    B) Timely file contribution reporting forms for any and all hours worked in the future and timely pay all contributions for all such work performed.

WHEREFORE, Plaintiffs request that this Court enter a preliminary injunction, and thereafter a permanent injunction, directing Defendant to:

    A) Immediately file a contribution reporting form for hours worked in and tender payment of contributions shown due thereunder;

    B) Timely file contribution reporting forms for any and all hours worked in the future and timely pay all contributions for all such work performed.

    C) Pay to Plaintiffs an amount equal to their attorney's fees and their court

| | |
|---|---|
| 1 | costs incurred in securing and enforcing necessary injunctive relief. |
| 2 | Respectfully submitted this 4th day of March, 2011. |

                                            WARD KEENAN & BARRETT, P.C.

                                            *S/*GERALD BARRETT
                                            Gerald Barrett
                                            3838 North Central, Suite 1720
                                            Phoenix, Arizona 85012
                                            (602)279-1717
                                            Attorney for Plaintiffs